# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

JAMES CALVIN RODGERS FERGUSON                                    PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:13CV-69-S

OFFICER CHRISTOPHER CLARK *et al.*                               DEFENDANTS

## MEMORANDUM OPINION

Plaintiff initiated this *pro se* civil action alleging "[r]obbery/wrongful

injailment/violation of Human Rights" as grounds for filing this case in federal court and stating

that he had twice been robbed and arrested for trespassing on his own property by the Defendant

police officer. The Court construed the claim as a false-arrest claim. Finding that it might be

necessary to stay the action pursuant to *Wallace v. Kato*, 549 U.S. 384, 393 (2007), the Court

entered an Order on June 27, 2013, ordering Plaintiff to advise the Court in writing as to the

status of the criminal charges against him. That Order stated, "Plaintiff is **WARNED** that his

failure to comply with this Order within 30 days will result in dismissal of this action."

More than 30 days have passed, and Plaintiff has not responded to the Order or taken any

other action in this case. Upon filing the instant action, Plaintiff assumed the responsibility to

actively litigate his claims. Federal Rule of Civil Procedure 41(b) authorizes dismissal of an

action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."

Although federal courts afford *pro se* litigants some leniency on matters that require legal

sophistication, such as formal pleading rules, the same policy does not support leniency from

court deadlines and other procedures readily understood by laypersons, particularly where there

is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.

1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se

litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, Plaintiff's failure to comply with the Court's Order shows a failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action.

Date:   August 6, 2013

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc:   Plaintiff, *pro se*
      Defendants
4411.010

2